BLD-098                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4635
_____

IN RE: JERMAINE A. WILLIAMS,
Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 09-cv-01822)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 30, 2015

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: February 4, 2015 )
_____

OPINION*
_____

PER CURIAM

Petitioner Jermaine A. Williams filed a petition for a writ of mandamus on

December 5, 2014.  See Fed. R. App. P. 21.  He requested that we either order the

District Court to render a decision on the remaining unadjudicated claims in his habeas

corpus petition under 28 U.S.C. § 2254, or grant him habeas relief and order his release

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

from confinement. While his mandamus petition was pending, on January 22, 2015, the District Court entered an opinion and an order that denied habeas relief on Williams' remaining claims and dismissed his § 2254 petition with prejudice.

Because the District Court has now resolved Williams' remaining claims, as he requested, his mandamus petition must be dismissed as moot to the extent it was predicated on delay by the District Court. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996). To the extent that Williams also asked this Court to grant him substantive relief, such a request is denied, as it should be properly asserted in an appeal. See In re Chambers Dev. Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998) (noting that "mandamus is not a substitute for appeal").

Accordingly, for the reasons given, we will dismiss the petition for a writ of mandamus in part and deny it in part.